**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4524**

───────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

YAHYA WATSON,

           Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:07-cr-00396-CMH-1)

───────────

Submitted:  February 25, 2009      Decided:  March 23, 2009

───────────

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Matthew A. Wartel, LAW OFFICES OF MATTHEW A. WARTEL, PLLC, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney; Stephen Sola, Kristin A. Taylor, Special Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yahya Watson appeals from a 324-month sentence imposed after his guilty plea to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Watson argues that the district court erred in denying his motion to withdraw his guilty plea, on the basis that he was informed at his plea hearing that he faced a statutory minimum sentence of ten years, whereas he actually faced a statutory minimum sentence of twenty years. Watson cited United States v. Goins, 51 F.3d 400 (4th Cir. 1995), in support of his motion to withdraw. Because we hold that the error was harmless and did not affect Watson's substantial rights, we affirm.

This court generally reviews the adequacy of a guilty plea proceeding de novo. See United States v. Damon, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995)). Rule 11 violations, however, are reviewed under a harmless error standard. See id. The court ultimately asks whether the error likely affected the defendant's decision to plead guilty. Id. Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. See Fed. R. Crim. P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991).

Under Fed. R. Crim. P. 11(d)(2)(B), Watson needed to provide the court a "fair and just reason" for withdrawal. The court evaluates the proffered reason in light of whether the plea was knowing and voluntary; the defendant has credibly asserted his legal innocence; the length of delay between the entry of the plea and the filing of the motion to withdraw; whether the defendant had close assistance of competent counsel; whether withdrawal will prejudice the government; and whether withdrawal will inconvenience the court or waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Denial of a motion to withdraw is proper if the first four factors all weigh against the movant, as the last two factors are counterbalancing considerations. Id.

In Goins, this court found that the district court erred when it failed to advise the appellant of the mandatory minimum sentence of five years, above the then-mandatory guidelines range of 33 to 41 months. 51 F.3d at 404. In addition, the court found that the error was not harmless because Goins was not otherwise aware of the mandatory minimum and Goins' counsel was not aware of the mandatory minimum. Id. at 404-05. Thus, the court vacated Goins' conviction and remanded so that Goins could replead. Id.

Unlike Goins, Watson faced a guidelines imprisonment range well above the statutory minimum, and he was aware of his

3

expected guidelines range, as evidenced by a letter sent to him by counsel who represented him when he pled guilty, discussing the possibility of his sentence being reduced from thirty years to twenty-four years. Although the letter discusses the possibility of further reduction in Watson's sentence through cooperation with the Government, that possibility would not necessarily have been foreclosed by the statutory minimum. Watson's ultimate sentence of 324 months is well above the statutory minimum, so his sentence was not affected by the statutory enhancement. In addition, Watson has not argued that he would not have pled guilty if he had known of the statutory minimum sentence.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4